Jeremy S. Golden (SBN 228007)
Cory M. Teed (SBN 299780)
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
jeremy@goldencardona.com
Phone: 619-476-0030; Fax: 775-898-5471
Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROSS BAGNASCO, an individual, and JOANN BAGNASCO, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> EXPERIAN INFORMATION SOLUTIONS, INC., a corporation; EQUIFAX INFORMATION SERVICES, LLC; a limited liability company; TRANS UNION LLC, a limited liability company; and DOES 1 through 10 inclusive, <br><br> Defendants. | Case No.: **'17 CV2359 BEN KSC** <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** |

## I. INTRODUCTION

1)   This is an action for damages brought by individual consumers against Defendants for damages pursuant to 15 U.S.C. §1681 *et seq.* (Fair Credit Reporting Act "FCRA") and the California Consumer Credit Reporting Agencies Act, Civil Code §1785.1 *et seq.* ("CCRAA") both of which prohibit unlawful credit reporting.

//

## II.  PARTIES

2) Plaintiff ROSS BAGNASCO is a natural person residing in the State of California, County of San Diego.

3) Plaintiff JOANN BAGNASCO is a natural person residing in the State of California, County of San Diego.

4) Defendant EXPERIAN INFORMATION SOLUTIONS, INC. ("EXPERIAN") at all times relevant was a corporation doing business in San Diego County, California operating from an address at 475 ANTON BLVD., COSTA MESA, CA 92626.  EXPERIAN is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f) and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties. EXPERIAN disburses such consumer reports to third parties under contract for monetary compensation.

5) Defendant EQUIFAX INFORMATION SERVICES, LLC ("EQUIFAX") at all times relevant was a limited liability company doing business in San Diego County, California operating from an address at 1550 PEACHTREE STREET NW, H46, ATLANTA, GA 30309.  EQUIFAX is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f) and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties. EQUIFAX disburses such consumer reports to third parties under contract for monetary compensation.

6) Defendant TRANS UNION LLC ("TRANS UNION") at all times relevant was a limited liability corporation doing business in San Diego County, California operating from an address at 555 W ADAMS ST., CHICAGO, IL 60661. TRANS UNION is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f) and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties. TRANS UNION disburses such consumer reports to third parties under contract for

monetary compensation.

7) The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiffs, who therefore sue these Defendants by such fictitious names. Plaintiffs are informed and believe, and allege that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiffs. Plaintiffs request that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

8) Venue in this District is proper in that the Defendants transact business here and the Plaintiffs reside here.

### III. FACTUAL ALLEGATIONS

9) Plaintiffs purchased a 2011 Nissan Sentra S (the "Vehicle") from New Cars, Inc. which was financed through A-L Financial Corp. (the "Account").

10) In or around April 2016, Plaintiffs Vehicle was stolen. Plaintiffs filed a police report and filed a claim with their insurance company Liberty Mutual Insurance.

11) The Vehicle was located and declared a total loss by Plaintiffs' insurance company Liberty Mutual.

12) In or around July 2016, Plaintiffs' insurance company Liberty Mutual reached a settlement with A-L Financial Corp. to pay off the Account.

13) In or around July 25, 2016, A-L Financial Corp. received a check from Liberty Mutual for $11,163.38 to pay off the Account in full. The Account was paid in full and the Account balance was zero.

14) In or around September 2016, A-L Financial Corp. transferred the Account to Union Adjustment, Co., Inc.

15) Union Adjustment reported the Account to Plaintiffs' EXPERIAN credit file as a collection account with a current balance and an amount past due.

16) Union Adjustment reported the Account to Plaintiffs' EQUIFAX credit file as a collection account with a current balance and an amount past due.

17) Union Adjustment reported the Account to Plaintiffs' TRANS UNION credit file a collection account with a current balance and an amount past due.

18) The reporting to EXPERIAN, EQUIFAX, and TRANS UNION (collectively the "CRAs") was incorrect as Plaintiffs paid the Account in full and on time and do not owe any balance.

19) Plaintiffs disputed the false information in writing with the CRAs.

20) The CRAs failed to conduct reasonable investigations into the disputes alleged by Plaintiffs and continue to report the inaccurate Account on their credit file.

21) The CRAs negligently produced consumer reports with respect to Plaintiffs' credit that contained the false information.

22) The CRAs further negligently failed to maintain reasonable procedures designed to avoid the reporting of the false information.

23) As a result of Defendant's conduct, Plaintiffs' credit worthiness has been damaged.

24) Plaintiffs further suffered from frustration and emotional distress.

## IV.   FIRST CLAIM FOR RELIEF

### (Against All Defendants for Violations of the FCRA)

25) Plaintiffs repeat, reallege, and incorporate by reference all of the foregoing paragraphs.

26  The CRAs violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiffs.

27) The CRAs violated 15 U.S.C. §1681i by failing to delete inaccurate information in the Plaintiffs' credit file after receiving actual notice of such inaccuracies; by failing to

conduct a lawful reinvestigation; by failing to forward all relevant information to the furnisher; and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiffs' credit file.

28) The Defendants' unlawful conduct damaged Plaintiffs as referenced above.

29) The Defendants' unlawful conduct was willful.

30) Plaintiffs are entitled to recover damages under 15 U.S.C. §§1681n and/or 1681o.

31) Plaintiffs are further entitled to recover costs and attorneys' fees from the CRAs pursuant to 15 U.S.C. §§1681n and/or 1681o.

## V.   SECOND CLAIM FOR RELIEF

### (Against All Defendants for Violation of the CCRAA)

32) Plaintiffs repeat, reallege, and incorporate by reference all of the foregoing paragraphs.

33) Defendants violated the CCRAA, by including but not limited to, the following:

    (a) Defendants violated California Civil Code §1785.14(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiffs; and

    (b) Defendants violated California Civil Code §1785.16 by failing to conduct a reasonable reinvestigation to determine whether the dispute information is inaccurate, or delete the item from the file.

34) Defendants' acts as described above were done negligently and/or intentionally with the purpose of coercing Plaintiffs to pay the alleged debt.

35) As a proximate result of Defendants' violations enumerated above, Plaintiffs have been damaged in amounts which are subject to proof.

36) Defendants' violations were willful and knowing. Defendants are therefore liable to Plaintiffs for Plaintiffs' actual damages, statutory damages, and attorney's fees and costs pursuant to California Civil Code §1785.31.

//

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered against Defendants, and each of them, for the following:

    (a)   Actual damages;

    (b)   Punitive damages;

    (c)   Statutory damages;

    (d)   Costs and reasonable attorney's fees; and

    (e)   For such other and further relief as the Court may deem just and proper.

Date: November 21, 2017　　　　　/s/Jeremy S. Golden_____
　　　　　　　　　　　　　　　　　Jeremy S. Golden
　　　　　　　　　　　　　　　　　Attorney for Plaintiffs

### DEMAND FOR JURY TRIAL

Please take notice that Plaintiffs demand trial by jury in this action.

Date: November 21, 2017　　　　　/s/Jeremy S. Golden_____
　　　　　　　　　　　　　　　　　Jeremy S. Golden
　　　　　　　　　　　　　　　　　Attorney for Plaintiffs